UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 18-20771-CIV-MORENO**

CORINNE PICCINETTI,

    Plaintiff,

vs.

MSC CRUISES, S.A.,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF FLOOR SAMPLE

THIS CAUSE came before the Court upon Plaintiff's Motion to Compel Production of Floor Sample **(D.E. 17)**, filed on **April 17, 2018**.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and is otherwise fully advised in the premises. Plaintiff brought this lawsuit alleging that she slipped, fell, and suffered injuries to her back and ankle on Defendant's cruise ship as a result of Defendant's negligence. In Plaintiff's discovery requests, she asked that Defendant provide a sample of the floor material from where the incident took place. Defendant objected to the request and advised that it was unable to do so. Plaintiff now moves to compel production of the floor sample.

Relying on this Court's previous order in *Perry v. Oceania Cruises, Inc.*, S.D. Fla. Case No. 16-23944-CIV-MORENO, D.E. 77[1], Plaintiff contends that the floor sample is essential to allow for expert testing for use in Plaintiff's case-in-chief and that, in addition, it will be useful to the jury at trial to aide in their fact finding role. Defendant argues that the request should be denied for several reasons, including that there is no way to comply with the request without

---

[1] This Court ordered that defendant produce a sample of the granite floor that defendant used on its vessel.

destruction of Defendant's vessel, that Plaintiff's expert can perform onboard testing of the vessel at many of her ports of call for minimal costs, and that Plaintiff herself can request a sample of the decking surface from the manufacturer. To those points, however, Plaintiff notes first that she is not requesting that Defendant be required to destroy the vessel in order to recover a sample, but rather that Defendant either obtain a small sample of the top surface from the ship, or provide a sample of the decking surface that it obtained directly from the manufacturer. Importantly, Plaintiff also notes that she has only requested that Defendant take a piece of the actual deck because Defendant has indicated its intent to oppose any sample other than the area of incident as not substantially similar. Second, Plaintiff calculates that the expense of sending an expert to meet the vessel at a European port would be prohibitively expense. Lastly, Plaintiff counters that she, in fact, cannot obtain a sample herself because Defendant has failed to provide the specific make or model of the material used to coat the floor of the area of the incident. The Court finds that Plaintiff's request is reasonable. Accordingly, it is

**ADJUDGED** that the motion is GRANTED and Defendant is ordered to produce a two foot by two foot sample of the flooring material where the incident occurred by May 31, 2018.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_\_\_ of May 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record