UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: 1:18-cv-20771-FAM

CORINNE PICCINETTI,

Plaintiff,

vs.

MSC CRUISES, S.A.,

Defendant.
_____________________________________/

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY**

Plaintiff, Corinne Piccinetti, in accordance with Federal Rule of Civil Procedure 37 (a)(3)(B) and Southern District of Florida Local Rule 26.1 (g)(2), hereby moves for an order compelling production of better responses to Plaintiff's initial discovery:

**BACKGROUND**

On October 30, 2017, Corrine Piccinetti shattered her left ankle on Deck 14, the "Aphrodite Deck", of the *MSC Divina*. She slipped and fell on slick and slimy flooring in an area on the vessel adjacent to outdoor showers, a jacuzzi, and a large swimming pool on the port side of the open-air deck.

Plaintiff propounded initial Interrogatories and Requests for Production on Defendant MSC Cruises, S.A. (hereinafter "MSC"). MSC responded with boilerplate objections accompanied with unclear, evasive, contradictory and incomplete answers. (*See* MSC's Responses to Plaintiff's Initial Interrogatories, and MSC's Responses to Plaintiff's First Request for Production attached hereto as Exhibit A and Exhibit B, respectively.). The withheld information and materials bear directly on the heart of liability in this matter. MSC's spurious objections and selectively ambiguous response

strategy has prevented Plaintiff from discovering information and materials needed to prove her case. Adding to the ambiguity, MSC has cited to the work-product privilege in numerous instances but has not provided a privilege log. The Court should compel better responses to the initial discovery requests set forth below.

**ARGUMENT**

**I. Legal Standard**

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26 defines the scope of discovery as including any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). In ruling on discovery disputes Courts must employ a liberal and broad scope in keeping with the spirit and purpose of the discovery Rules. *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010).

**II. MSC's Deficient, Incomplete, and Evasive Answers to Interrogatories No. 15, 16, and 17**

MSC should be ordered to compel full and meaningful answers to the following Interrogatories:

- ***Interrogatory No. 15***:

"15. Please provide the following information on each and every incident in which someone has slipped and fallen on the outdoor pool deck on deck 14 of the MSC *Divina* on the same or similar type of flooring as the subject incident within 3 years before the date of the incident in this case and at any time since the subject incident:

a. Date of incident;
b. Full name, address, and telephone number of the person involved in the incident;
c. Description of the location on Deck 14 where the incident occurred;
d. Description of how the incident happened;

e. Description of the injuries, if any;
f. If a lawsuit was filed, the full style and case number.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall[1] in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant."**

MSC's response and entwined objections to Interrogatory No. 15 are evasive, confusing and ambiguous. The Response leaves Plaintiff uncertain of MSC's actual position, and appears aimed at permitting MSC to avoid providing information about past slip and fall incidents on wet floors, while simultaneously providing it with leeway to make countervailing future arguments.

The information sought in Interrogatory No. 15 is clearly relevant. *See generally Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 650 (11th Cir. 1990). The Interrogatory is not overbroad or disproportionate to the needs of the case; to the contrary it is directly correlated to the heart of liability and needed to prove notice on the part of MSC. The maritime standard of ordinary reasonable care under the circumstances "requires, as a prerequisite to impose liability, that the carrier have had actual or constructive notice of the risk-creating conditions." *Wolf v. Celebrity Cruises, Inc.*, 101 F. Supp. 3d 1298, 1306 (S.D. Fla. 2015) citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). To demonstrate notice, the plaintiff can point to previous incidents or show that the defendant previously warned of the danger. *Malley v. Royal Caribbean Cruises Ltd.*, 2017 WL 5192361, *2967 (11th Cir. Nov. 9, 2017). The Court should overrule MSC's

---

[1]Adding to the vexing nature of the Response, it is unclear precisely what MSC meant by the phrase "aware of prior slip and fall in the pool area." "[P]rior slip and fall" may mean one such incident, or it may mean several. This ambiguous wording could be a mere typo or it may be an intentional choice aimed at discovery gamesmanship.

objections.

MSC's stipulation to being "aware of prior slip and fall in the pool area of the Divina on a similar type of flooring" does not obviate its need to respond to discovery. In addition to notice, the information is being sought to prove other aspects of the case such as "magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988). MSC should be ordered to answer the Interrogatory fully as it bears on many crucial aspects of the case that transcend MSC's prophylactic stipulation. Plaintiff is also concerned that MSC will later attempt to use this stipulation to its advantage by making arguments that would require Plaintiff to possess the full scope of information sought in Interrogatory No. 15 in order to meaningfully respond.

Further confounding the Response, MSC speaks out of both sides of its mouth when it states in the same Response that it stipulates to prior notice but also that it does not have prior notice. MSC does so by artfully mischaracterizing the evidence, testimony, and facts of this case to skew Plaintiff's testimony and the evidence. To be sure, within minutes of fracturing her ankle Plaintiff informed MSC in writing that she had slipped on a very wet surface:

**PASSENGER INJURY STATEMENT**

STATE IN YOUR OWN HAND – WRITING, HOW AND WHERE INJURY OCCURRED
DESCRIBA EN SU PROPIAS PALABRAS COMO Y DONDE OCCURIÒ EL ACCIDENTE

WAS ON DECK 14 WALKING APROACHING THE ~~STAIRWLK~~
STAIRWELL, WAS VERY WET I SLIPPED ON
The Deck + LANDED ON MY BACK
I FELTED MY ANKLE CRACK,

At her deposition Plaintiff also consistently and repeatedly testified that the floor was wet and slippery over the course of seven hours of deposition questioning from MSC's counsel:

- "It was hard to see because there is a shadow, but I believe it was wet and slippery." Deposition of Corrine Piccinetti, taken April 26, 2018, Pg. 95, Lns. 22-23.

- Q. Do you know what it was that you slipped on?
  A. Water and grease.
  Q. How do you know?
  A. Slick.
  Q. How do you know you slipped on water?
  A. I was laying in it.

*Id*. Pg. 101, Ln. 14-22.

- Q. Is it possible that in coming out of the pool they dripped water in the area that you slipped?
  A. Could have.

*Id*. Pg. 115, Ln. 10-15.

- Q. What do you think caused the accident?
  A. Wet and sticky floors.
  Q. Sticky?
  A. Excuse me, slimy.
  Q. By slimy are you referring to the presence of the greasy oil substance?
  A. Could have been anything.

*Id*. Pg. 144, Ln. 14-19.

Plaintiff's obvious intention in her deposition testimony was to convey that the floor was wet and that it felt slick, slimy, greasy etc; it was a slippery dangerous floor that caused her to slip and fall. Plaintiff is a lay person and her choice of words only indicate that the floor felt very slippery to her. She did not testify that she actually saw grease, suntan lotion or any other foreign object on the ground where she fell. She was specifically asked as much by counsel for MSC, and consistently responded that she did not. *Id*. Pg. 144-145. What she describes in common vernacular can only be fairly taken as meaning a slippery and wet floor. MSC should not be permitted to hide behind

a gross mischaracterization of testimony - incorrectly citing to a "greasy transitory substance" - to avoid its discovery obligations and potentially withhold relevant documents and records.

MSC's unclear stipulation, skewed and inaccurate factual limitation, and spurious objections keep Plaintiff in the dark on MSC's actual position. MSC's legal objections are not sustainable, and its factual characterization of the "transitory substance" is a charade that should not prevent discovery. The Court should Order MSC to fully respond to Interrogatory No. 15.

- ***Interrogatory No. 16***:

"16. Please provide the following information on each and every incident in which someone has slipped and fallen on the same or similar type of flooring as the subject incident on the MSC *Preziosa*, *Splendida*, and *Fantasia* within 3 years before the date of the incident in this case:

a. Date of incident;
b. Full name, address, and telephone number of the person involved in the incident;
c. Description of the vessel and location where the incident occurred;
d. Description of how the incident happened;
e. Description of the injuries, if any;
F. If a lawsuit was filed, the full style and case number.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant."**

Plaintiff hereby re-submits the arguments and analysis applicable to Interrogatory No. 15 above as also supporting her motion to compel an answer to Interrogatory No. 16. The MSC *Divina* is one of four "Fantasia Class" cruise vessels owned and operated by MSC, along with the MSC *Preziosa*, *Splendida*, and *Fantasia* vessels. These "Fantasia Class" ships are all built at the same shipyard and have the same basic layout and design. The *MSC Preziosa* is an identical sister ship

to the *MSC Divina*.

Interrogatory No. 16 seeks information on prior slip and falls on similar flooring on other vessels in the same class as the *Divina*. This honorable court routinely permits such discovery, especially in light of the challenges faced by Plaintiff's in proving the notice requirement in maritime negligence cases. For instance, this exact type of relief was granted in the case styled *Hung Kang Huang v. Carnival Corporation*, 2013 WL 12141519, * 1 (S.D. Fla. Aug. 29, 2013) ("Carnival is ordered to provide a response including all sip and falls in showers of the same configuration aboard all Spirit Class vessels (consisting of four vessel) within the three-year period prior to the subject incident."). It was granted under similar facts in *Rader v. NCL*, 2017 WL 7796320, *3 (S.D. Fla. April 27, 2017) (permitting "class-wide discovery of prior incidents taking place on gangways and involving circumstances similar to those alleged by Plaintiff."). It was also granted in the case of *Hsing-O v. NCL* (Bahamas) Ltd., 2017 WL 4119598, #3 (S.D. Fla. September 18, 2017) ("[W]e agree that Defendant should be required to produce the contents of its internal search for all slip and falls in cabin bathrooms for any vessel in the same class as the cruise ship identified in Plaintiff's Complaint."). Plaintiffs face a steep burden in proving the notice element of maritime negligence cases, especially in light of the holding in *Pizzino v. NCL*, 709 Fed. Appx. 563 (11th Cir. 2017). The information sought in Interrogatory No. 16 will be used to demonstrate MSC's notice and awareness of a potential defect and problem with its floors. It is directly proportional to the needs of the case, highly relevant to proving Plaintiff's claims as well as the magnitude of the floor problem, and the type and scope of discovery regularly ordered to be produced by Courts in the Southern District of Florida.

- ***Interrogatory No. 17***:

17. "In regard to the surface on which Plaintiff fell, please provide the following

information:

a. Describe in detail the type of floor material, and identify the manufacturer, distributor, make, model number, and any distinguishing characteristics ( i.e.- Bolidt (and include specific reference to precisely what type), marble, wood, glazed ceramic, resin, linoleum, etc.).

b. Provide the name and address of the local representative of the manufacturer or distributor with whom Defendant communicates regarding installation, maintenance, or problems with the floor surface.

c. Provide the date that the flooring was installed;

d. Indicate whether Defendant coated, painted, resurfacing, modifications, additions, or other changes to the surface of the flooring after installation, and if so, describe what was done or added along with the dates;

e. Please list the types of cleaning materials, soaps, chemicals, and treatments used on the surface of the flooring, and describe the method and frequency of application.

**RESPONSE: Objection. This request is overbroad as to scope, and disproportionate to the needs of this case. Furthermore, this request is vague as to "local" in so much as it is unclear what local representative Plaintiff seeks. Subject to and without waiving the objections, see documents produced in response to Plaintiff's Request for Production."**

The information sought in Interrogatory No. 17 is directly related to issues of liability in this case and to obtain basic information on the floor where the incident occurred. There is nothing overbroad or disproportionate about the Interrogatory. It will permit Plaintiff to conduct depositions where necessary and conduct follow up investigation into the scope of the problem with the subject floor. To date, Plaintiff is unable to determine the exact type of flooring at the area of incident. Defendant has pointed Plaintiff to documents produced in discovery, however, Plaintiff's counsel is unable to determine the exact type of flooring and the other details sought in Interrogatory No. 17 through the documents produced. Defendant's overall discovery strategy of avoiding meaningful answers and advancing vague and ambagious responses and spurious objections has hindered

Plaintiff's ability to prove her case and finish the discovery needed in the court ordered time frame.

The Court should order a meaningful response to Interrogatory No. 17.

### III. MSC's Deficient, Incomplete, and Evasive Responses to Requests for Production No. 19, 21, 22, 34, 35, and 36

MSC should be ordered to compel full and meaningful answers to the following Requests for Production:

- ***Request for Production No. 19***:

"19. Records pertaining to any injuries and/or claims of injuries sustained by any passenger or crew member as a result of any slip or fall occurring on the subject floor on Deck 14 where Plaintiff allegedly fell for the time period of October 30, 2014 to the present.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. The request requests confidential identifying personal health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and privacy laws. See e.g. 45 CFR 160.103; 45 CFR 164.514. Additionally, the documents sought are privileged. The MSC *Divina's* Safety Officer completes an incident reports in anticipation of litigation. The reports on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department in Naples, Italy and its defense counsel are the custodians of these reports. This Response constitutes Defendant's privilege log for said report."**

As to MSC's objections directed towards overbreadth, disproportionality, the ambiguous and contradictory stipulation, and relevance, Plaintiff hereby re-submits the analysis set forth in support of compelling an answer to Interrogatory No. 15, *supra*, which have equal application to the instant Request.

MSC's objection to confidentiality on HIPAA grounds is not well-taken. This concern is easily remedied by redacting any HIPAA protected data in the responsive documents and records prior to production. *See e.g., Ricks v. MediCredit, Inc.*, 2017 WL 6389672 (M.D. Fla. Dec. 13, 2017). MSC's HIPAA objection should not prevent production of meaningful discovery responses.

MSC sets forth a specific objection that "incident reports" are created in "anticipation of litigation." Notwithstanding, Request for Production No. 19 seeks documents and records relating to slip and falls that occurred in the same location as Plaintiff's incident. It is not limited to only incident reports. Plaintiff is as of yet uncertain as to the exact categories of documents and records that exist due to MSC evasive discovery strategy; however, the types of documents and records subject to discovery in maritime negligence cases usually include the following at a minimum: passenger incident statements (where the injured passenger or crew member is asked to write out what happened to them- this is categorically not a work-product protected document); safety meeting minute notes (these exists in the instant case and where apparantely wrongfully withheld, see analysis on Request for Production No. 34, *infra*); security watch logs; bridge logs; safety training materials; internal audits; USCG Form 2692 submissions; pursers logs; guest complaints; the cruise line's internal customer service claims and complaint notes; crew medical notes; notice letters of impending litigation; and filed lawsuits.

In addition, every cruise line maintains a shore side risk management and occupational safety department that generally keeps detailed records relating to every injury incidents on each of its vessels. These departments conduct root cause analysis and create follow up plans of action to prevent and mitigate future injury occurrences. They have spreadsheets listing all prior slip and fall incidents with corresponding data and information. These departments inherently generate a multitude of emails and other documents and records related to slip and fall incidents, prevention,

and problems, which would fall under the instant Request.

Furthermore, there is correspondence (often in the form of emails) from the bridge or medical team relating to incidents of injury, as well as correspondence (often in the form of emails) from the bridge, housekeeping, and technical teams on the to shoreside management departments about problem areas on the vessels such as the area where the incident occurred.

None of these various categories of responsive documents or records described above are protected by any type of privilege whatsoever, and it is unfathomable that MSC is not in possession of any such responsive materials. If there are in fact no responsive materials, MSC should respond "None" to avoid the confusion and ambiguity created by a hollow objection.

Adding to the ambiguity, MSC did not provide a privilege log as required under the law. "Generalized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine. . . do not comport with local rules." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008). Plaintiff is unable to determine the validity of the privilege objection without details regarding same. If MSC believes that certain documents are protected by work-product privilege, it must prepare a privilege log that provides a meaningful description of the individual documents subject to protection. *See, e.g., Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 638-39 (S.D. Fla. 2011). "[W]hat the party asserting a privilege must do, at minimum, is the following: (1) Bates stamp each document or otherwise specifically identify each communication; (2) start with Rule of Evidence 501, and if necessary proceed to case law, to determine what law of privilege governs the communication, and identify the elements of that privilege; (3) for each document or communication identify the evidence that establishes that each element of the privilege applies to that communication; (4) prepare a privilege log that has enough information about the communication so that the opposing party or the Court can determine, at a minimum, that the claimed privilege

might apply . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1293 (S.D. Fla. 2012). In similar regard, Southern District of Florida Local Rule 26.1(g)(3)(B) "requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue." *Alvar v. No Pressure Roof Cleaning, LLC*, 2018 WL 1187777, *2 (S.D. Fla. March 7, 2018). Additionally, local rule 26.1(e)(2)(C) and Federal Rule of Civil Procedure 26(b) require the preparation of a privilege log. MSC should be ordered to comply with the law and rules by providing a privilege log if it intends to withhold documents and records based upon a claim of privilege.

- ***Request for Production No. 21***:

> 21. Records pertaining to any injuries and/or claims of injuries sustained by any passenger or crew member as a result of any slip or fall occurring on similar flooring material on the MSC *Splendida*, *Fantasia*, or *Preziosa* (Defendant's other *Fantasia*-class vessel) for the time period of October 30, 2014 to the present.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. The request requests confidential identifying personal health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and privacy laws. See e.g. 45 CFR 160.103; 45 CFR 164.514. Additionally, the documents sought are privileged. The MSC Divina's Safety Office completes an incident reports in anticipation of litigation. The reports on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department in Naples, Italy and its defense counsel are the custodians of these reports.**

**This Response constitutes Defendant's privilege log for said report.**

Plaintiff hereby re-submits the analysis and argument set forth in support of compelling an answer to Interrogatory No. 15, as well as a response to Request No. 19, *supra*, as support and basis to compel a response, as well as a privilege log, to Request for Production No. 21, for the same reasons.

- ***Request for Production No. 22***:

22. Any and all records, comment cards, guest relation log and purser log entries identifying passenger complaints, warnings, and/or concerns of any kind relating to the slipperiness of Deck 14 where Plaintiff's incident allegedly occurred for the time period of October 30, 2014 to the present.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. The request requests confidential identifying personal health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and privacy laws. See e.g. 45 CFR 160.103; 45 CFR 164.514. Additionally, the documents sought are privileged. The MSC Divina's Safety Office completes an incident reports in anticipation of litigation. The reports on the top of each and every page states "STRICTLY CONFIDENTIAL PREPARED IN ANTICIPATION OF LITIGATION AND FOR USE BY COMPANY ATTORNEYS." The Defendant's legal department in Naples, Italy and its defense counsel are the custodians of these reports. This Response constitutes Defendant's privilege log for said report.**

Plaintiff hereby re-submits the analysis and argument set forth in support of compelling an answer to Interrogatory No. 15, as well as a response to Request for Production No. 19, *supra*, as support and basis to compel a response, as well as a privilege, to Request for Production No. 22, for the same reasons.

- ***Request for Production No. 34***:

> 34. Any and all minutes, notes, log or records from the monthly Safety Management Meetings pertaining to, mentioning or referencing slip or slip and fall accidents on walking surfaces or stairways aboard the *MSC Divina* from October 30, 2014 through the present.
>
> **RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. Additionally, this request calls for the production of irrelevant information relating accidents that are not substantially similar to the accident alleged by Plaintiff. Subject to and without waiving the objection; Defendant responds none.**

Plaintiff is extremely concerned and disconcerted that MSC responded "none" to the instant Request for Production. On Saturday, May 12, 2018, the Deposition of Dr. Simona Pertache was taken by Plaintiff's counsel. Dr. Pertache unequivocally testified that she attended safety meetings on a regular basis during the eight months she was working on the MSC Divina. She indicated that members of the bridge team, the staff captain, safety officers, the chief engineer, and upper management from the hotel division all attend such meetings. She further testified that slip and fall safety and prevention was discussed at such meetings. Notably, she testified that written minutes

of the meeting are maintained.[2] As such, Plaintiff is highly skeptical that Defendant's response of "none" is accurate or complete.

Safety meeting minutes are routinely produced in maritime negligence matters. *Hung Kang Huang v. Carnival Corporation*, 2013 WL 12141519, *2 (S.D. Fla. Aug. 29, 2013) (ordering Carnival cruise line to produce safety committee meeting minutes). In fact, in a different case involving the same Defendant, MSC (f/k/a/, and named in that case as Costa Crociere, S.P.A.) produced and was ordered to produce additional safety meeting minutes. *Muhammad v. Costa Crociere, S.p.A.*, 2010 WL 503069 (S.D. Fla. Feb. 8, 2010) (MSC produced "minutes of both the staff meetings and the safety meetings."). Thus, the testimony of Dr. Pertache as well as the *Muhammad* case make it clear that MSC keeps a written record of safety meetings and staff meetings. Such clearly responsive and highly relevant materials should be ordered produced forthwith.

In addition, Plaintiff also re-submits the analysis and argument set forth in support of compelling an answer to Interrogatory No. 15, as well as a response to Request for Production No. 19, *supra*, as further support and basis to compel a response to Request for Production No. 34

- ***Request for Production No. 35***:

> 35. Any and all minutes, notes, log or records from the monthly Safety Management Meetings pertaining to, mentioning or referencing walking safety, maintenance of floors on Deck 14, cleaning of floors on Deck 14, keeping dry of floors on Deck 14, accident prevention on Deck 14, slipperiness on walking surfaces, slip accidents, aboard the *MSC Divina* from October 30, 2014 through the present limited to the

---

[2]Dr. Pertache also testified that a "emergency call record" document exists which would have been made when the incident was first reported to her. It was not produced in discovery either.

flooring/ decking where the incident occurred and the same type of flooring located anywhere else on the subject vessel.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. Subject to and without waiving the objection; Defendant responds none.**

Plaintiff re-submits the analysis and argument set forth in support of compelling a Response to Request for Production No. 34, supra, as support and basis to compel a response to Request for Production No. 35 as well.

- ***Request for Production No. 36***:

36. Any and all minutes, notes, log or records from the weekly Senior Officers meetings pertaining to, mentioning or referencing slip or slip and fall accidents on walking surfaces or stairways aboard the *MSC Divina* from October 30, 2014 through the present.

**RESPONSE: Objection. This request is overbroad as to scope and disproportionate to the needs of the case. Defendant stipulates that Defendant is aware of prior slip and fall in the pool area of the Divina on a similar type of flooring. Furthermore, Defendant objects to the production of prior slip and falls insomuch as prior slip and falls do not give Defendant notice of the greasy transitory substance identified by Plaintiff, and are therefore irrelevant. Additionally, this request calls for the production of irrelevant information relating accidents that are not substantially similar to the accident alleged by Plaintiff. Subject to and without waiving the objection; Defendant responds none.**

Plaintiff re-submits the analysis and argument set forth in support of compelling a Response to Request for Production No. 34, supra, as support and basis to compel a response to Request for Production No. 36 as well.

**CONCLUSION**

Plaintiff needs the information, documents, and records set forth above to both prove her case and convince jurors on issues of liability. MSC has failed to set forth a tenable legal or factual basis to preclude discovery on the items set forth above. Furthermore, MSC stipulates that it has notice and also that it does not have notice in perplexing fashion. MSC cannot have it both ways, and even a stipulation as to notice does not relieve MSC's discovery obligations, nor does it make the discovery any less vital to Plaintiff's case. As it stands, MSC has avoided providing meaningful discovery in this matter as a transparent tactic to gain an unfair upper-hand in the litigation. Such conduct flies in the face of the liberal and broad spirit of discovery encouraged by the Rules of Civil Procedure and controlling law.

WHEREFORE, Plaintiff respectfully requests that an Order be entered compelling MSC to answer Interrogatories No. 15, 16, and 17; to provide responsive documents and records to Request for Production 19, 21, 22, 34, 35, and 36; to provide a privilege log that comports with the requirements of law for any documents or records being withheld on the basis of privilege; and for any such other or further relief the court deems just and proper. Plaintiff hereby requests that the time frame for ordering such production takes into account the fast approaching discovery deadline in this matter.

**7.1 Certification**

Counsel for Plaintiff has conferred with Defendant in a good faith effort to resolve the issues raised in this motion but has been unable to do so.

Respectfully submitted,

By: */s/ Thomas Graham*
**Thomas Scolaro** (FBN 178276)
Email: scolaro@leesfield.com
**Thomas D. Graham** (FBN 89043)
Email: graham@leesfield.com
LEESFIELD SCOLARO, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 15th day of May, 2018. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Thomas D. Graham*
Thomas D. Graham

**SERVICE LIST**
**CASE NO.: 18-cv-20771-FAM**

Thomas Scolaro, Esq.
scolaro@leesfield.com
Thomas Graham, Esq.
graham@leesfield.com
LEESFIELD SCOLARO, P.A.
2350 South Dixie Highway
Miami, FL 33133
Phone: 305-854-4900
Fax: 305-854-8266
*Attorneys for Plaintiff*

Jeffrey B. Maltzman, Esq.
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
steveh@maltzmanpartners.com
Rafaela P. Castells, Esq.
rafaelac@maltzmanpartners.com
T. Alex Devine, Esq.
alexd@maltzmanpartners.com
Michael A. Sokolson, Esq.
michaels@malzmanpartners.com
MALTZMAN & PARTNERS, P.A.
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Phone: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*